# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EDWARD NEAL PRATER, JR., | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-15-443-RAW-SPS |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of the Social | ) |
| Security Administration,[1] | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

The claimant Edward Neal Prater, Jr. requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration denying his application for benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining he was not disabled. As discussed below, the undersigned Magistrate Judge RECOMMENDS that the Commissioner's decision be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such

---

[1] On January 20, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security. In accordance with Fed. R. Civ. P. 25(d), Ms. Berryhill is substituted for Carolyn Colvin as the Defendant in this action.

severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[2]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: whether the decision was supported by substantial evidence, and whether the correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997) [citation omitted]. The term "substantial evidence" requires "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). However, the Court may not reweigh the evidence nor substitute its discretion for that of the agency. *See Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the Court

---

[2] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish that he has a medically severe impairment (or combination of impairments) that significantly limits his ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if his impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), he is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that he lacks the residual functional capacity (RFC) to return to his past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work existing in significant numbers in the national economy that the claimant can perform, taking into account his age, education, work experience and RFC. Disability benefits are denied if the Commissioner shows that the claimant's impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

## Claimant's Background

The claimant was born on February 28, 1970, and was forty-three years old at the time of the administrative hearing (Tr. 73, 213). He completed the twelfth grade, and has worked as a bus driver, janitor, caregiver, bus driver shop helper, and correction officer (Tr. 64, 250). The claimant alleges he has been unable to work since September 5, 2012, due to high blood pressure, sleep apnea, problems with his knees and legs, unstable angina, obesity, shortness of breath, and fatigue (Tr. 249).

## Procedural History

On September 5, 2012, the claimant applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-434, and for supplemental security income benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. His applications were denied. ALJ James Bentley held an administrative hearing and determined the claimant was not disabled in a written decision dated June 19, 2014 (Tr. 58-66). The Appeals Council denied review, so the ALJ's written decision represents the final decision of the Commissioner for purposes of this appeal. *See* 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He found that the claimant retained the residual functional capacity (RFC) to perform sedentary work as

defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except that he required a sit/stand option defined as a temporary change in position from sitting to standing and standing to sitting with no more than one change per hour without leaving the work station (Tr. 61). The ALJ thus concluded that although the claimant could not return to his past relevant work, he was nevertheless not disabled because there was work he could perform, *i. e.*, order clerk, touch up screener, and optical goods assembler (Tr. 65).

## Review

The claimant contends that the ALJ erred by: (i) failing to properly weigh his subjective complaints, and (ii) failing to include all his limitations in his RFC. The undersigned Magistrate Judge agrees with the claimant's first contention, and the Commissioner's decision should be reversed.

The ALJ determined that the claimant had the severe impairments of morbid obesity, sleep apnea, hypertension, diabetes, and heart disease/angina (Tr. 60). The claimant was prescribed a CPAP machine in 2011, but was considered noncompliant after initiating treatment but failing to follow up (Tr. 335). In August 2012, the claimant complained of chest pain and was treatment for uncontrolled hypertension and obesity, as well as interomedial left circumflex ostial lesion revealed in an angiogram (Tr. 369-370). In December 2012, the claimant went to the hospital for treatment of cellulitis and was diagnosed with diabetes II while in the hospital (Tr. 422). Between August 1, 2012, and January 3, 2013, the claimant gained 58 pounds (Tr. 344, 547). He continued to report chest pain at various times, and on June 29, 2014, was prescribed nitro as needed for his chest pains (Tr. 711).

On October 30, 2012, Dr. Adel Malati conducted a physical examination of the claimant, at which time he noted the claimant was markedly obese and weighed 370 pounds (Tr. 513). He assessed the claimant with morbid obesity, sleep apnea, history of coronary artery disease, hypertension, and hypercholesterolemia (Tr. 515). Additionally, he noted that the claimant had a nice, normal, steady gait, and could sit, stand, and lie down without difficulty; that he had a full range of motion with the exception of slightly limited back flexion and knee flexion; and that he could heel/toe walk without difficulty (Tr. 515-519).

State reviewing physicians found the claimant could perform light work with no other limitations (Tr. 111-112, 132).

At the administrative hearing, the claimant testified that he can stand about fifteen minutes, and sit for thirty minutes before he starts hurting, especially in his hip and ankles, and that he weight about 377 pounds, which he believed had contributed to his other medical problems (Tr. 80, 86). He testified that his weight prevents him from being able to bend over (Tr. 81-82). He stated that swelling in his ankles is constant, and affects his ability to walk and stand, and that he puts his feet up almost every time he sits down (Tr. 87-88). He also testified that he occasionally has chest pains, but they are relieved by sitting down or lowering his stress level (Tr. 91). He also testified that although he has sleep apnea, he does not use a CPAP because he no longer has insurance and cannot afford a machine (Tr. 95).

In his written opinion, the ALJ summarized the claimant's hearing testimony, as well as much of the medical evidence in the record (Tr. 26-29). As to the claimant's

hearing testimony, the ALJ stated that he found it "partially credible" in that he has a condition that does cause him pain, but that the ALJ found his statement that he could only walk twenty-five feet to be not credible (Tr. 62). He then used the typical boilerplate language regarding the claimant's credibility (Tr. 63). As to the medical evidence, the ALJ found that none of it supported the extent of the claimant's claims, and gave significant weight to Dr. Malati's opinion (Tr. 62-64).

The claimant contends, *inter alia*, that the ALJ erred in analyzing his subjective symptoms. At the time of the ALJ's decision, a credibility determination was governed by Soc. Sec. Rul. 96-7p. *See, e .g., Hardman v. Barnhart*, 362 F.3d 676, 678 (10th Cir. 2004), *quoting* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (July 2, 1996). But the Commissioner issued a ruling on March 16, 2016, that eliminated the term "credibility" and provided new guidance for evaluating the intensity, persistence, and limiting effects of a claimant's symptoms. Soc. Sec. Rul. 16-3p, 2016 WL 1119029 (Mar. 16, 2016). "Generally, if an agency makes a policy change during the pendency of a claimant's appeal, the reviewing court should remand for the agency to determine whether the new policy affects its prior decision." *Frantz v. Astrue,* 509 F.3d 1299, 1302 (10th Cir. 2007), *quoting Sloan v. Astrue,* 499 F.3d 883, 889 (8th Cir. 2007). Although the ALJ's credibility analysis was arguably sufficient under the old standard, the record does not reflect how the ALJ would have evaluated the claimant's subjective statements under Soc. Sec. Rul. 16-3p.[3] Consequently, the decision of the Commissioner must be

---

[3] While it is arguable that the evidence cited by the ALJ in support of his credibility determination would likewise have satisfied Soc. Sec. Rul. 16-3p, thus obviating the need for reversal and remand, *see, e. g., Wellenstein v. Colvin,* 2015 WL 5734438, at *11 (N.D. Iowa Sept. 30, 2015) (noting that the Court of

reversed and the case remanded to the ALJ for evaluation in accordance with the new standard.

## Conclusion

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and that the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the ruling of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings not inconsistent herewith. Any objections to this Report and Recommendation must be filed within fourteen days. *See* Fed. R. Civ. P. 72(b).

**DATED** this 10th day of March, 2017.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**

---

Appeals for the Eighth Circuit denied remand for consideration of a new social security ruling upon finding that "although the policy changed during the pendency of the case, the policy did not affect the case."), *citing Van Vickle v. Astrue,* 539 F.3d 825, 829 n.6 (8th Cir. 2008), the undersigned Magistrate Judge finds that any re-evaluation of the evidence in light of the new standard is not for this court to make on review but rather for the ALJ to consider in the first instance.